**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

BRANNON LEE HOLLIS JR.,

     Plaintiff,

-vs-

Case No.

EQUIFAX INFORMATION SERVICES
LLC; EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS UNION
LLC; and AUSTIN CAPITAL BANK
SSB,

     Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, BRANNON LEE HOLLIS JR. (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"); EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"); TRANS UNION LLC (hereinafter "Trans Union"); and AUSTIN CAPITAL BANK SSB (hereinafter "Austin Capital") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

1

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in

2

accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.      Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.      Venue is proper in this District as Equifax's principal address is in this District; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.      Plaintiff is a natural person and resident of Maricopa County in the State of Arizona. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

3

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

17.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

4

18.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.     Austin Capital is an FDIC insured state savings bank headquartered at 8100 Shoal Creek Boulevard in Austin, Texas 78757 that upon information and belief conducts business in the State of Georgia.

20.     Austin Capital is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

21.     Austin Capital furnished Plaintiff's information to the CRAs which was inaccurate.

## FACTUAL ALLEGATIONS

22.     Plaintiff is alleged to owe a debt to Austin Capital, partial account number ending in x9774, as to a secured loan (hereinafter "Austin Capital Account Ending in x9774"). Plaintiff never applied or gave permission to anyone to apply using his information for the Austin Capital Account Ending in x9774.

23.     Plaintiff is alleged to owe a debt to Austin Capital, partial account number ending in x5943, as to a secured loan (hereinafter "Austin Capital Account Ending in x5943"). Plaintiff never applied or gave permission to anyone to apply using his information for the Austin Capital Account Ending in x5943.

5

24.    Upon information and belief, Plaintiff is a victim of identity theft or mixed file.

25.    After Plaintiff's father passed away in 2021, Plaintiff started to receive correspondence and billing statements for accounts which belonged to his deceased father.

26.    Plaintiff contacted a few of the furnishers regarding the errors and advised them that the accounts belong to his deceased father. However, mail for erroneous accounts continued to be delivered.

27.    In or about May 2023, Plaintiff contacted Experian to dispute the Austin Capital Account Ending in x9774 and the Austin Capital Account Ending in x5943 which did not belong to him.

28.    Plaintiff did not receive dispute results from Experian. However, upon review of his updated Experian credit report, Plaintiff observed both erroneous Austin Capital accounts continued to be report each with a comment which stated, "This item was updated from our processing of your dispute in May 2023.".

29.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

30.    Experian never attempted to contact Plaintiff during the alleged investigation.

31.     Upon information and belief, Experian notified Austin Capital of Plaintiff's dispute. However, Austin Capital failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

32.     In or about early 2024, Plaintiff reviewed his credit file and observed erroneous addresses.

33.     Shortly thereafter, Plaintiff contacted Equifax to dispute the erroneous addresses which did not belong to him.

34.     On or about March 13, 2024, Equifax removed six (6) erroneous addresses from Plaintiff's credit file.

35.     On or about June 17, 2024, Plaintiff obtained copies of his credit report. Upon review, Plaintiff observed erroneous and inaccurate personal identifying information. Further, Plaintiff observed Austin Capital Account Ending in x9774 was reported with a status of closed, not more than three payments past due, and Austin Capital Account Ending in x5943 was reported with a status of closed, not more than three payments past due. Both Austin Capital accounts indicated the last payment was made in June 2022. However, Plaintiff did not make any payments to either account because they do not belong to him.

36.    In or about June 2024, Plaintiff submitted online a dispute to Experian regarding the aforementioned erroneous Austin Capital accounts which did not belong to him.

37.    On or about June 17, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 173957775. In this report, he explained that he was a victim of identity theft and that the aforementioned Austin Capital accounts listed in his credit report did not belong to him.

38.    Due to the inaccurate reporting, on or about June 20, 2024, Plaintiff submitted online a detailed dispute letter to Equifax, and on or about June 21, 2024, Plaintiff mailed a detailed dispute letter to Trans Union. In the letter, Plaintiff requested a copy of his credit report. Further, Plaintiff advised he was a victim of identity theft, and that erroneous and inaccurate personal identifying information was appearing in his credit file. Further, Plaintiff advised the Austin Capital Account Ending in x9774 and Austin Capital Account Ending in x5943 did not belong to him. To confirm his identity, Plaintiff included images of his U.S. disabled veteran identification and Social Security card in the letter. Further, Plaintiff provided images of the erroneous reporting and images of his filed FTC Identity Theft Report.

39.    Plaintiff mailed his detailed dispute letter to Trans Union via USPS Certified Mail tracking number 9407 1112 0620 4777 9576 12.

40.   On or about June 24, 2024, Plaintiff received dispute results from Equifax which stated the Austin Capital Account Ending in x9774 and Austin Capital Account Ending in x5943 were both verified as accurate.

41.   Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

42.   Equifax never attempted to contact Plaintiff during the alleged investigation.

43.   Upon information and belief, Equifax notified Austin Capital of Plaintiff's dispute. However, Austin Capital failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

44.   Plaintiff did not receive dispute results from Experian as to his online dispute. However, upon review of his updated credit report, on or about August 29, 2024, Plaintiff observed Austin Capital Account Ending in x9774 and Austin Capital Account Ending in x5943 continued to be reported each with a comment that stated, "This item was updated from our processing of your disputes in July 2024".

45.   Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

46.   Experian never attempted to contact Plaintiff during the alleged investigation.

9

47.     Upon information and belief, Experian notified Austin Capital of Plaintiff's dispute. However, Austin Capital failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

48.     Despite confirmation of delivery on June 25, 2024, Plaintiff did not receive dispute results or a copy of his credit report in the mail from Trans Union. Upon information and belief, Trans Union continued to report the erroneous Austin Capital Account Ending in x9774 and Austin Capital Account Ending in x5943.

49.     Plaintiff provided enough information to Trans Union to identify his file and to handle the dispute. Trans Union failed to follow the mandates of the FCRA and refused to conduct a reasonable investigation.

50.     Trans Union failed to do any independent investigation into Plaintiff's disputes, and never attempted to contact Plaintiff during the alleged investigation.

51.     On or about September 25, 2024, Plaintiff obtained a copy of his credit report from Equifax and observed the Austin Capital Account Ending in x9774 and Austin Capital Account Ending in x5943 continued to be reported with a status of not more than three payments past due.

52.     Due to the inaccurate reporting, on or about October 4, 2024, Plaintiff mailed a second detailed dispute letter to the CRAs. In the letter, Plaintiff again requested a copy of his credit report. Further, Plaintiff reiterated he was a victim of

identity theft, and that erroneous and inaccurate personal identifying information was appearing in his credit file. Further, Plaintiff again advised the Austin Capital Account Ending in x9774 and Austin Capital Account Ending in x5943 did not belong to him. To confirm his identity, Plaintiff included images of his U.S. disabled veteran identification and Social Security card in the letter. Further, Plaintiff provided images of the erroneous reporting and images of his filed FTC Identity Theft Report.

53.     Plaintiff mailed his second detailed dispute letters via USPS Certified Mail to Equifax (9407 1112 0620 5494 3801 58), Experian (9407 1112 0620 5494 3803 56), and Trans Union (9407 1112 0620 5494 3806 84).

54.     As of the filing of this Complaint, Plaintiff has not received dispute results from Equifax as to his second detailed dispute letter.

55.     Despite confirmation of delivery on October 11, 2024, as of the filing of this Complaint, Plaintiff has not received dispute results or a copy of his credit report from Experian as to his second detailed dispute letter. However, upon review of his Experian credit report on or about October 30, 2024, Plaintiff observed the Austin Capital Account Ending in x9774 and Austin Capital Account Ending in x5943 continued to be reported.

56.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

11

57.    Experian never attempted to contact Plaintiff during the alleged investigation.

58.    Upon information and belief, Experian notified Austin Capital of Plaintiff's dispute. However, Austin Capital failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

59.    Despite confirmation of delivery on October 11, 2024, as of the filing of this Complaint, Plaintiff has not received dispute results or a copy of his credit report from Trans Union as to his second detailed dispute letter. However, on or about October 29, 2024, Plaintiff contacted Trans Union via telephone, and the representative advised the Austin Capital Account Ending in x9774 and Austin Capital Account Ending in x5943 were verified as accurate.

60.    Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

61.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

62.    Upon information and belief, Trans Union notified Austin Capital of Plaintiff's dispute. However, Austin Capital failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

63.     Despite Plaintiff's best efforts to have the erroneous reporting corrected, the CRAs continue to inaccurately report the erroneous Austin Capital Account Ending in x9774 and Austin Capital Account Ending in x5943 in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

64.     The CRAs have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the furnisher.

65.     Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

66.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

     i.    Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

     ii.    Loss of time attempting to cure the errors;

     iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of

life; Plaintiff is being physically affected by Defendants' actions; and

iv.   Apprehensiveness to apply for new credit due to the fear of rejection.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

67.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

68.   Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

69.   Equifax allowed for a furnisher to report inaccurate and erroneous accounts to Plaintiff's credit file.

70.   Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

71.   Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

14

72.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

73.    Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

74.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

75.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

76.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, BRANNON LEE HOLLIS JR., respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from

further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

77.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

78.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

79.     Equifax allowed for a furnisher to report inaccurate and erroneous accounts to Plaintiff's credit file.

80.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

81.     Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

82.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

83.     Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

84.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

85.     The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

86.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, BRANNON LEE HOLLIS JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

17

## COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

87.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

88.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

89.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Austin Capital.

90.     Plaintiff provided Equifax with the information it needed to confirm that he was a victim of a mixed file or identity theft. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

91.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

92.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

93.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, BRANNON LEE HOLLIS JR., respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### **COUNT IV**
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Willful)**

94.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

19

95.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

96.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Austin Capital.

97.     Plaintiff provided Equifax with the information it needed to confirm that he was a victim of a mixed file or identity theft. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

98.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

99.   The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

100.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, BRANNON LEE HOLLIS JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

101.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

102.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

103.   Experian allowed for a furnisher to report inaccurate and erroneous accounts to Plaintiff's credit file.

104.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

105.   Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

106.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

107.   Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

108.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

109.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

110.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, BRANNON LEE HOLLIS JR., respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

111.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

112.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

113.   Experian allowed for a furnisher to report inaccurate and erroneous accounts to Plaintiff's credit file.

114.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

115.   Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

116.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

117.   Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

118.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

119.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

24

120.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, BRANNON LEE HOLLIS JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

121.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

122.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

25

123.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Austin Capital.

124.   Plaintiff provided Experian with the information it needed to confirm that he was a victim of a mixed file or identity theft. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

125.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

126.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

127.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, BRANNON LEE HOLLIS JR., respectfully requests that this Court award actual damages against Defendant, EXPERIAN

INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT VIII**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

128.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

129.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

130.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Austin Capital.

131.   Plaintiff provided Experian with the information it needed to confirm that he was a victim of a mixed file or identity theft. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

132.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

133.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

134.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, BRANNON LEE HOLLIS JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

28

**COUNT IX**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Trans Union LLC (Negligent)**

135.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

136.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

137.   Trans Union allowed for a furnisher to report inaccurate and erroneous accounts to Plaintiff's credit file.

138.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

139.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

140.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

141.   Trans Union violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

142.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

143.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

144.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, BRANNON LEE HOLLIS JR., respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT X
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

145.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

146.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

147.   Trans Union allowed for a furnisher to report inaccurate and erroneous accounts to Plaintiff's credit file.

148.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

149.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

150.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

151.   Trans Union violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

152.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

153. The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

154. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, BRANNON LEE HOLLIS JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XI
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

155. Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

156. After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable

reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

157.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Austin Capital.

158.   Plaintiff provided Trans Union with the information it needed to confirm that he was a victim of a mixed file or identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

159.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

160.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

161.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, BRANNON LEE HOLLIS JR., respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

162.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

163.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff

34

in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

164.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Austin Capital.

165.   Plaintiff provided Trans Union with the information it needed to confirm that he was a victim of a mixed file or identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

166.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

167.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

168.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, BRANNON LEE HOLLIS JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIII
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Trans Union LLC (Negligent)

169.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

170.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

171.   Plaintiff provided to Trans Union appropriate and sufficient proofs of identity to allow Trans Union to create a high degree of confidence in knowing the identity of Plaintiff.

172.   Despite the sufficient proofs of identification produced by Plaintiff, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

173.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

174.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

175.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, BRANNON LEE HOLLIS JR., respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIV
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Trans Union LLC (Willful)

176.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

177.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

178.   Plaintiff provided to Trans Union appropriate and sufficient proofs of identity to allow Trans Union to create a high degree of confidence in knowing the identity of Plaintiff.

179.   Despite the sufficient proofs of identification produced by Plaintiff, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

180.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

181.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

182.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, BRANNON LEE HOLLIS JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XV
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Austin Capital Bank SSB (Negligent)

183.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

184.   Austin Capital furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

185.   After receiving Plaintiff's disputes, Austin Capital violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

186.   Plaintiff provided all the relevant information and documents necessary for Austin Capital to have identified that the accounts were erroneous.

187.   Austin Capital did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Austin Capital by Plaintiff in connection with his disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the accounts belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

188.   Austin Capital violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

189.   As a direct result of this conduct, action, and/or inaction of Austin Capital, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

190.   The conduct, action, and inaction of Austin Capital was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

191.   Plaintiff is entitled to recover costs and attorney's fees from Austin Capital in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, BRANNON LEE HOLLIS JR., respectfully requests that this Court award actual damages against Defendant, AUSTIN CAPITAL BANK SSB; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT XVI
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Austin Capital Bank SSB (Willful)

192.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

193.   Austin Capital furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

194.   After receiving Plaintiff's disputes, Austin Capital violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

195.   Plaintiff provided all the relevant information and documents necessary for Austin Capital to have identified that the accounts were erroneous.

196.   Austin Capital did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Austin Capital by Plaintiff in connection with his disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the accounts belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

197.   Austin Capital violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

198.   As a direct result of this conduct, action, and/or inaction of Austin Capital, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

199.   The conduct, action, and inaction of Austin Capital was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

200.   Plaintiff is entitled to recover costs and attorney's fees from Austin Capital in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, BRANNON LEE HOLLIS JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, AUSTIN CAPITAL BANK SSB; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BRANNON LEE HOLLIS JR., respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; and AUSTIN CAPITAL BANK SSB, jointly and severally; attorneys' fees and costs;

prejudgment and post-judgment interest at the judgment rate; and such other relief

the Court deems just and proper.

DATED this 31st day of October 2024.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorney for Plaintiff*